UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,

        v.                                        **MEMORANDUM AND ORDER**
                                            22-CR-133 (RPK)

ELIJAH BIEN-AIME,[*]

        Defendant.

------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Elijah Bien-Aime, who has served approximately 40 months of an 85-month sentence for armed robbery, has submitted a *pro se* motion for compassionate release. Bien-Aime principally requests release because of his nine-year-old daughter's precarious custody situation: Bien-Aime writes that the child's mother is an unfit parent, and he states that while the child is currently in kinship care, the custodial relative does not wish to continue the arrangement, so that his daughter is at risk of being placed in foster care. *See* Def.'s Mot. 1–2 (Dkt. #58); Def.'s Reply 3 (Dkt. #60). Bien-Aime asks to be released so he can take custody of his daughter. Bien-Aime's desire to play a positive role in his daughter's life is laudable, but for the reasons explained below, Bien-Aime has not satisfied either of the requirements for compassionate release: "extraordinary and compelling reasons" for a reduction and a showing that the reduction be justified in light of the general sentencing considerations described in 18 U.S.C. § 3553(a). *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

      *First*, Bien-Aime's petition does not set out "extraordinary and compelling reasons" for early release. Bien-Aime's concern for his child's wellbeing is praiseworthy. But the child's

---

[*] The Clerk of Court is respectfully directed to amend the case caption to reflect the correct spelling of defendant's surname.

1

challenging custodial circumstances were similar at sentencing, when the Presentence Investigation Report noted that the child's mother had been deemed unfit and described the child as being in kinship care; six months later, at the sentencing hearing, Bien-Aime represented that his daughter was in foster care. *See* Presentence Investigation Report ("PSR") ¶¶ 85–86 (Dkt. #32) (explaining that defendant's daughter's mother experienced a "mental breakdown" and that, as a result, their daughter resides in kinship care with a relative); Sentencing Hr'g Tr. 19–20 (representing that defendant's daughter was in foster care). The Court took Bien-Aime's precarious family situation into account in imposing a below-Guidelines sentence for extraordinarily serious conduct. Accordingly, Bien-Aime's description of his daughter's unstable custody arrangement does not appear to be the type of "*new* mitigating 'extraordinary and compelling' circumstances" that would justify a sentencing reduction. *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (emphasis added), *abrogated on other grounds by Brooker*, 976 F.3d 228; *see United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) ("[A] compassionate-release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision." (quotation marks and citation omitted)).

Moreover, existing caselaw suggests that the custodial situation Bien-Aime sets forth, even if newly arising, would not clear the statutory threshold. Proof that the defendant is "the only available caregiver" for a child may constitute an extraordinary and compelling reason for a sentence reduction. *See United States v. Elm*, No. 16-CR-356 (ER), 2024 WL 4026024, at *3 (S.D.N.Y. Sept. 3, 2024). But defendant's daughter is currently in the care of a relative who defendant does not argue is an inadequate caregiver. *See United States v. Ayala*, No. 21-CR-111 (NRB), 2022 WL 2334041, at *3 (S.D.N.Y. June 27, 2022) (finding no extraordinary and compelling circumstances where defendant "does not argue that he is the only available caregiver

for his son"). Even when a parent's incarceration would lead to a foster care placement, some courts have suggested that extraordinary and compelling circumstances exist only when there is reason to believe the foster placement would be unsuitable, and Bien-Aime has not suggested that here. *See United States v. Clayton*, No. 18-CR-52 (TBM) (MTP), 2023 WL 4939380, at *4 (S.D. Miss. Aug. 2, 2023) (collecting cases); *see also United States v. Delgado*, 752 F. Supp. 3d 439, 442 n.1 (W.D.N.Y. 2024) (concluding that a child's placement in foster care because his mother "does not want the child in her home," while a "tragic" situation, did not constitute an extraordinary and compelling reason).

More critically, Bien-Aime has not demonstrated extraordinary and compelling circumstances justifying early release based on his daughter's unstable custody situation because he has not "demonstrated that he would be a suitable caretaker" for his daughter if he were granted early release. *United States v. Paul*, No. 18-CR-227, 2020 WL 5807343, at *2 (S.D. W. Va. Sept. 25, 2020); *see, e.g.*, *United States v. Willis*, No. 22-CR-153 (DWF) (JFD), 2024 WL 4452134, at *2 (D. Minn. Oct. 9, 2024) (concluding defendant's "history of violence that prevents him from being a suitable caregiver and would likely prevent him from obtaining custody of" his children precluded his children's placement in foster care from constituting an extraordinary and compelling reason); *Clayton*, 2023 WL 4939380, at *4 (similar). Bien-Aime does not appear to have previously had custody of his nine-year-old daughter. *See* PSR ¶ 85. And he has not presented evidence to suggest that he would qualify to assume custody upon an early release. Several circumstances suggest he would not be deemed an appropriate custodial parent: Bien-Aime's offense conduct involved a spree of violent, armed robberies, *see id.* ¶¶ 8–20, he has long struggled with substance abuse and mental health challenges, *see id.* ¶¶ 93–104, and the PSR describes him as undomiciled, *see id.* at 2. While Bien-Aime suggests his mother and sister would

3

be willing to house him upon release, Def.'s Reply 5, he also notes that his mother's residence had been deemed unsuitable to house for a child, Def.'s Mot. 1. On these facts, Bien-Aime has not demonstrated that he would be able to take custody of his daughter if he were granted early release. As a result, his daughter's custodial situation does not justify an early release so that Bien-Aime can become her primary caregiver. Bien-Aime's efforts at rehabilitation while in prison, while commendable, do not materially alter this calculus. *See United States v. Saleh*, No. 93-CR-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (noting that a "productive institutional record while incarcerated . . . is what is expected" of inmates).

In any event, even if Bien-Aime had shown extraordinary and compelling circumstances, he would not be entitled to a sentence reduction at this time under Section 3553(a). Bien-Aime committed five violent armed robberies of delis and bodegas. *See* PSR ¶¶ 8–20. During one of the robberies, Bien-Aime pistol whipped an employee; in another, he pressed a gun to the neck and face of a worker; and in a third, he threw bleach into an employee's eyes. *See id.* ¶¶ 8, 14, 17. He committed all these crimes while on parole. *See id.* ¶¶ 68, 70. While Bien-Aime's 85-month sentence for this conduct constituted a downward variance from the Guidelines that reflected, in part, his difficult family circumstances, the further reduction sought in Bien-Aime's motion would go too far, leading to a sentence that does not adequately reflect the seriousness of Bien-Aime's offense or protect the public.

Defendant's motion for a sentence reduction is accordingly denied. Defendant's motion for appointment of counsel is likewise denied. *See United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) ("[T]here is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion."); *United States v. Romano*, 707 F. Supp. 3d 233, 234 n.1 (E.D.N.Y. 2023) (exercising discretion to deny appointment of counsel where "the issues

presented in [defendant's] motion for compassionate release are not legally complex and his arguments lack merit").

SO ORDERED.

                                                      /s/ *Rachel Kovner*
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated: June 30, 2025
       Brooklyn, New York