UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x

UNITED STATES OF AMERICA,

v.

ELIJAH BIEN-AIME,

Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CR-133 (RPK)

RACHEL P. KOVNER, United States District Judge:

The Court is in receipt of defendant's letter-motion, in which defendant (1) "ask[s] the court[] for assistance in being physically produced to Bronx County Court" for his daughter's child-custody proceedings and (2) requests that his "current sentence be amended/modified to 65 months and 5 years supervised release" so that he can care for his daughters. Def.'s Mot. 5 (Dkt. #66). Defendant's motion is denied for the following reasons.

First, defendant's request that the Court assist him to attend child-custody proceedings appears to be moot. In its letter responding to defendant's motion, the government represents that it "has been in email communications with BOP [Bureau of Prisons] counsel and an attorney from the Bronx Family Court about . . . providing remote access for the defendant to attend the proceeding[s]," Gov't Resp. 3 (Dkt. #67) and in his reply, defendant raises this issue only to thank the government for liaising with his facility, Def.'s Reply 1 (Dkt. #68). The Court also appreciates the government's efforts to enable defendant to participate in those proceedings.

Second, defendant's request to modify his sentence is denied for substantially the same reasons the Court denied defendant's prior motion for compassionate release. *See* June 30, 2025 Memorandum & Order (Dkt. #63). Defendants moving for a sentence reduction must present

"extraordinary and compelling reasons [that] warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and defendant's desire to care for his daughters—while laudable—does not qualify. As the Court previously explained, it "took [defendant's] precarious family situation into account in imposing a below-Guidelines sentence for extraordinarily serious conduct," and it is still true that defendant "has not presented evidence to suggest that he would qualify to assume custody upon an early release." June 30, 2025 Memorandum & Order 2–3; *see also* Gov't Resp. 1 n.1 (representing that the Administration for Children's Services has petitioned to terminate defendant's parental rights). Moreover, the sentence in this case remains appropriate under Section 3553(a). Defendant's motion is thus denied.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: October 6, 2026
Brooklyn, New York